LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08542 BRO (VBKx) | Date | December 8, 2014 |
|---|---|---|---|
| Title | JOSIE ALEJO V. WHOLESALE AMERICA MORTGAGE, INC. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS)

## ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [7]

### I.     INTRODUCTION

Plaintiff Josie Alejo seeks an emergency temporary restraining order. Plaintiff claims that Defendants, and in particular Defendant U.S. Bank, are attempting to auction off her home at foreclosure proceedings but that Defendants lack standing to initiate such proceedings. (Dkt. No. 8 at 3.)  In Plaintiff's Complaint, Plaintiff also alleges ten causes of action, including wrongful foreclosure and fraud. (Compl.)  In support of these causes of action, Plaintiff alleges that Defendants have unlawfully transferred their ownership in a mortgage attached to Plaintiff's property, (Compl. ¶ 15), and that Defendants have engaged in unlawful lending practices and acts of mortgage fraud for their own personal and financial benefit, (Dkt. No. 8 at 5).  According to Plaintiff, Defendants have scheduled a foreclosure sale for Plaintiff's property that is the subject of this dispute on December 20, 2014.  (Dkt. No. 8 at 3.)

On December 8, 2014, Plaintiff filed an ex parte "Emergency Application for Temporary Restraining Order and Preliminary Injunction." (Dkt. No. 7.) In this Application, Plaintiff requests that the Court stay the scheduled foreclosure proceedings in order to maintain the status quo. (Dkt. No. 7 at 2.) For the following reasons, the Court **GRANTS** Plaintiff's Application and **ORDERS** that the sale of Plaintiff's property be stayed until a motion may be heard as to the merits of Plaintiff's request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-08542 BRO (VBKx) | Date | December 8, 2014 |
|---|---|---|---|
| Title | JOSIE ALEJO V. WHOLESALE AMERICA MORTGAGE, INC. ET AL. | | |

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary restraining order. Under Rule 65(b), a temporary restraining order may issue only if the movant provides specific facts in an affidavit that clearly demonstrate an immediate and irreparable injury. Fed. R. Civ. P. 65(b). The movant must also post adequate security. *Id.* The standard for a temporary restraining order is identical to the standard for a preliminary injunction. *See Frontline Med. Assocs., Inc. v. Coventry Healthcare Worker's Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009). Consequently, a plaintiff seeking preliminary injunctive relief must establish "[1] that [s]he is likely to succeed on the merits, [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [her] favor, and [4] that an injunction is in the public interest." *Doe v. Reed*, 586 F.3d 671, 676 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The elements of this test are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, a court may grant temporary relief where a plaintiff demonstrates "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35. An applicant seeking such relief must also detail the applicant's efforts to notify opposing counsel and to ascertain his or her position. *See* C.D. Cal. L.R. 7-19-1.

## III. DISCUSSION

Plaintiff argues that ex parte relief is appropriate here because Defendants have scheduled the sale of her property located at 1511 Hidden Ranch Drive, Sherman Oaks, CA 93063 (the "Subject Property"). Plaintiff argues that this is a wrongful foreclosure and that the sale of the Subject Property poses such irreparable harm to her that no pecuniary compensation would provide adequate relief. (Dkt. No. 7 at 2.) In her Application, Plaintiff contends that Defendants have made fraudulent misrepresentations and omissions of fact regarding her mortgage on the Subject Property, and that they have failed to verify the debt she allegedly owes. (Dkt. No. 7 at 4.) Plaintiff further claims that Defendants have violated various California laws in the process of servicing her loan. (Dkt. No. 7 at 4.) In her Complaint, Plaintiff alleges that Defendants have "[a]n invalid and unperfected security interest in" the Subject Property, and that Defendants have

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08542 BRO (VBKx) | Date | December 8, 2014 |
|---|---|---|---|
| Title | JOSIE ALEJO V. WHOLESALE AMERICA MORTGAGE, INC. ET AL. | | |

violated the express terms of the Pooling and Servicing Agreement ("PSA") that governs the securitization of Plaintiff's mortgage. (Compl. ¶ 29.) To support these claims, Plaintiff provides specific allegations that Defendants have failed to comply with the securitization requirements required by the PSA, and that Defendants have "falsely or fraudulently prepared documents required for Defendants, and each of them, to foreclose as a calculated and fraudulent business practice." (Compl. ¶ 60.) In assessing Plaintiff's allegations, the Court finds that Plaintiff has not shown a likelihood to succeed on the merits of her claims, but that she has raised serious questions as to the merits.

The Ninth Circuit has indicated that the test for preliminary relief may be applied on a sliding scale. *See Alliance for the Wild Rockies*, 632 F.3d at 1135. Accordingly, where a plaintiff is unable to show a *likelihood* of success on the merits but can at least demonstrate that there are *serious questions* going to the merits, a court may grant still preliminary injunctive relief so long as the applicant makes a strong showing on the remaining elements. *See id.* at 1131, 1134–35 ("[A] stronger showing of one element may offset a weaker showing of another."). Plaintiff has successfully demonstrated irreparable harm. It is well established that real property is considered unique. *See* Cal. Civ. Code § 3387 ("It is to be presumed that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation."); *Bever v. Cal-W. Reconveyance Corp.*, No. 1:11-CV-1584 AWI SKO, 2011 WL 5102759, at *2 (E.D. Cal. Oct. 26, 2011) ("The loss of one's home through foreclosure generally is considered sufficient to establish irreparable harm."). In the case of a wrongful foreclosure and sale, money compensation would therefore not provide an adequate remedy to Plaintiff.

Moreover, the Court finds that the balance of equities and the public interest also tip in Plaintiff's favor. A court balancing the equities will look to the possible harm that could befall the various parties. *See CytoSport, Inc. v. Vital Pharm., Inc.*, 617 F. Supp. 2d 1051, 1081 (E.D. Cal. 2009). Here, any potential harm to Defendants in causing a slight delay in the sale of the Subject Property is greatly outweighed by Plaintiff's potential loss of her home. Finally, it would serve the public interest to ensure that home foreclosure sales do not occur until the merits of an individual's case have properly been assessed. *See Lane v. Citimortgage, Inc.*, No. 2:14-CV-02295 KJM, 2014 WL 5036512, at *2 (E.D. Cal. Oct. 7, 2014) ("[A] decision in plaintiff's favor will serve the public interest by either confirming a foreclosure sale is the correct course for plaintiff's home or avoiding a sale based on incorrect information.").

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-08542 BRO (VBKx)** | Date | December 8, 2014 |
|---|---|---|---|
| Title | **JOSIE ALEJO V. WHOLESALE AMERICA MORTGAGE, INC. ET AL.** | | |

## IV. CONCLUSION

Accordingly, Plaintiff's Emergency Application for Temporary Restraining Order and Preliminary Injunction is hereby **GRANTED**. The hearing on this matter is set for **December 15, 2014 at 1:30 p.m.** Any opposition to the motion is to be filed no later than December 11, 2014. Any reply is to be filed no later than December 13, 2014. The foreclosure sale of the Subject Property, scheduled for December 20, 2014 is hereby **STAYED** until the outcome of the hearing is determined or further order of this Court.

**IT IS SO ORDERED.**

:

Initials of Preparer      rf